Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3908 | **DATE** | 1/22/2001 |
| **CASE TITLE** | Baker vs. Edwards, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Motion of defendant Dr. Connie Mennella to dismiss [35] is denied. Defendant Mennella is directed to answer the complaint by 2/12/01. Status hearing held and continued to 2/5/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JAN 3 1 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | mw |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JAN 30 AM 8:32 | |
| | | | date mailed notice |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 40

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACQUES C. BAKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 99 C 3908 |
| JAMES EDWARDS et al., | ) |
| Defendants. | ) |

**DOCKETED**

**JAN 3 1 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacques C. Baker ("plaintiff") filed his second amended complaint against defendants James Edwards, Dr. Connie Mennella, Officer Blair Roby and Officer John C. Sullivan on August 18, 2000, claiming violation of 42 U.S.C. § 1983. Officers Roby and Sullivan have answered the complaint. Dr. Mennella has moved to dismiss the complaint against her for failure to state a claim upon which relief may be granted. For the reasons articulated below, the court denies Dr. Menella's motion.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 101, 102 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint,

and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir.1996).

## FACTS

Plaintiff alleges the following facts: On August 31, 1997, plaintiff, then an inmate at Division 9 of the Cook County correctional facility located at 2600 South California in Chicago, fell from the top bunk of his cell and seriously injured his left shoulder during the course of a strip search and "shakedown." Plaintiff immediately sought medical attention after the fall, but the superior officer in charge of the officers conducting the shakedown informed plaintiff that no medical attention was available due to a holiday. On September 2, 1997, plaintiff again requested medical attention. Officer Sullivan refused plaintiff's request and instead suggested that plaintiff complete and submit a medical request form. Plaintiff completed and submitted a medical request form to Cermak Health Services of Cook County ("Cermak") that day but received no response, and, on September 11, 1997, plaintiff informed Officer Sullivan that despite submitting a medical request form, he still had not received any medical attention. Officer Sullivan then suggested that plaintiff submit another medical request form, which plaintiff did on that same day. Plaintiff filled out a third medical request form on September 16, 1997. Plaintiff remained in severe pain until he was first examined at Cermak on October 8, 1997.

Plaintiff received pain medication during the October 8 exam but severe pain to his shoulder returned after the pain medication he received expired on October 13, 1997. On October 18, 1997, plaintiff submitted another medical request form but received no further

2

medical attention by the time he was transferred from Division 9 to Division 6 on November 21, 1997. The transfer greatly exacerbated plaintiff's pain, as he was forced to sleep on the floor due to crowded cell conditions. Plaintiff submitted five medical request forms in December, 1997, explaining that his shoulder pain had worsened as a result of sleeping on the floor, and submitted three more forms in January, 1998, and four more forms in February, 1998, all without response. On February 28, 1998, plaintiff spoke with a nurse from the medical department and explained that he was in great need of medical attention. The nurse told plaintiff that he would be put on a waiting list of inmates to be examined.

Plaintiff completed and submitted six more medical request forms in March, 1998, with two of them submitted on the same day, March 27, after plaintiff awoke in significantly more pain than his usual severe condition. Because he received no response to his requests, plaintiff submitted eight more request forms in April, 1998. In addition to the twenty-seven medical requests forms plaintiff filed since receiving his medical exam on October 8, 1997, plaintiff filed eleven grievances with the Cook County Department of Corrections between December 30, 1997 and April 20, 1998. On April 28, 1998, plaintiff was transferred to Graham Correctional Center and, thereafter, to Taylorville Correctional Center, where he was diagnosed by physicians with tendonitis in his left shoulder and a shoulder sprain.

Count II of plaintiff's complaint is against Dr. Mennella, Cermak's medical administrator and director, and alleges that, under color of law, she deprived plaintiff of his Eighth Amendment

3

right to be free from cruel and unusual punishment.[1] Plaintiff alleges that Dr. Mennella is liable in her individual capacity, under 42 U.S.C. § 1983, because despite her actual knowledge resulting from the thirty medical request forms and eleven grievances, Dr. Mennella failed to procure medical attention for plaintiff's injury, and this failure amounted to deliberate indifference to plaintiff's serious medical needs.

## DISCUSSION

"Individual capacity claims 'seek to impose individual liability upon a government officer for actions taken under color of state law.'" *Luck* v. *Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999) (quoting *Hafer* v. *Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). Because respondeat superior is not a viable theory of liability under 42 U.S.C. § 1983, "personal involvement is a prerequisite for individual liability." *Kitzman-Kelley* v. *Warner*, 203 F.3d 454, 458 (7th Cir. 2000). *See also Vance* v. *Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (there can be no individual liability under § 1983 unless the defendant "caused or participated in an alleged constitutional deprivation.") (citations and internal quotation marks omitted); *Moore* v. *State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (same). The Seventh Circuit has explained that

> . . . an official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for a § 1983 recovery.

---

[1] Counts I, III, and IV are against the remaining defendants and need not be addressed in this opinion. The court also notes that although plaintiff originally filed suit against Dr. Mennella in both her individual and official capacities, he states in his response to the motion to dismiss that he is withdrawing his official capacity claim.

4

*Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (alterations, citations, and internal quotation marks omitted).

Here, plaintiff complains of violation of his Eighth Amendment right to be free from cruel and unusual punishment.[2] A prison official's "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Under the "deliberate indifference" standard, a prisoner must show both that the deprivation suffered was "objectively, sufficiently serious" and that the official acted "with a sufficiently culpable state of mind." *Gutierrez*, 111 F.3d at 1369 (citations and internal quotation marks omitted). *See also Vance*, 97 F.3d at 991-92. Dr. Mennella assumes for the purpose of her motion that plaintiff's injury was sufficiently severe to state an Eighth Amendment violation and argues that dismissal is appropriate because plaintiff has failed to allege the requisite culpable state of mind.

---

[2]Dr. Mennella's memorandum in support of her motion states that the injury occurred while plaintiff was a pre-trial detainee. Neither the complaint nor Dr. Mennella's memorandum states whether plaintiff was a pre-trial detainee during the time the balance of his allegations occurred. A pre-trial detainee has a right to be free from any punishment prior to an adjudication from guilt, not just cruel and unusual punishment prohibited by the Eighth Amendment. *See Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). "Prohibited punishment has been held to include deliberate indifference to the serious medical needs of pretrial detainees." *Id. See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995) ("Pretrial detainees, who are protected by the Due Process Clause, will state a claim for inadequate medical treatment if they allege deliberate indifference to their serious medical need.") (citations, internal quotation marks, and alterations omitted). This distinction is of no consequence here, however, since a "[Due Process] claim [alleging inadequate medical care] is analyzed the same way as a claim under the Eighth Amendment to determine whether the officials showed deliberate indifference to serious medical needs." *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000). *See also Higgins v. Corr. Med. Servs. of Illinois, Inc.*, 178 F.3d 508, 511 (7th Cir. 1999) ("Under the Fourteenth Amendment, a claim for denial of medical services is analyzed under the Eighth Amendment standards.").

5

In *Farmer* v. *Brennan*, the Supreme Court held that deliberate indifference cannot be found "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994). The Supreme Court further explained, however, that "[w]hether a prison official had the requisite knowledge of substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . ." *Id.*, 511 U.S. at 842, 114 S. Ct. at 1981. The Seventh Circuit has interpreted the "standard for deliberate indifference in the denial or delay of medical care [to] require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm." It is reasonable to infer from the facts alleged in Plaintiff's complaint that Dr. Mennella either possessed actual knowledge of, or recklessly disregarded, plaintiff's injury requiring medical attention.

Dr. Mennella cites a number of pre-1996 district court cases and one Seventh Circuit cases from 1982 to support her argument that plaintiff's allegations are not enough to withstand a motion to dismiss but fails to cite more recent authority leading to a contrary conclusion. Recently in *Reed* v. *McBride*, 178 F.3d 849, 854 (7th Cir. 1999), the Seventh Circuit stated that letters from an inmate put the defendant on notice of the inmate's complaints and "[c]learly, this satisfies the requirement that defendant be aware of facts from which a substantial risk of serious harm exists to the defendant." (citations and internal quotation marks omitted). And in *Gentry*, the Seventh Circuit found that it was a reasonable construction of the inmate's pled facts that the defendant-official knew of the constitutional deprivation (denial of scribe materials to draft legal

6

papers) "if only by the many letters [the inmate] sent" and the continued denial of scribe materials was a policy of [the official's], at least to the level of turning a blind eye . . . ." 65 F.3d at 561 (citations and internal quotation marks omitted). Thereafter, the Seventh Circuit explained in *Vance* that it does

> not read *Gentry* as establishing an ironclad rule that any prisoner communication to a prison official anywhere in the corrections hierarchy constitutes adequate notice to the official of a violation of the Eighth Amendment. The plaintiff still has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety. Once the official knows of that risk, the refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.

97 F.3d at 993 (citation and internal quotation marks omitted).[3] At this time, it is enough that plaintiff has alleged facts from which it can be reasonably inferred that Dr. Mennella was on notice of his serious medical needs. Plaintiff alleged that he submitted 30 medical request forms and filed 11 grievances, and this is certainly enough under the guidance set forth by the Seventh Circuit in *Reed*, *Gentry* and *Vance*.

---

[3]The Seventh Circuit reiterated this statement later in *Vance*. "[A] prison official's knowledge of prison conditions learned from an inmate's communications can," the court explained, "constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." 97 F.3d at 992. The Seventh Circuit also noted that after *Gentry*, arguments such as Dr. Mennella's that letters to supervisory officials can never establish personal liability under § 1983 "sweep[] too broadly." *Id.*

7

## CONCLUSION

For the above stated reasons, the motion of Dr. Connie Mennella to dismiss the complaint is DENIED. Defendant Mennella is directed to answer the complaint.

Date: January 22, 2001          Enter: _____
                                JOAN HUMPHREY LEFKOW
                                United States District Judge